Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5257 | **DATE** | 10/26/2000 |
| **CASE TITLE** | JEFFERSON-PILOT vs. LEAFRE REINSURANCE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   **Motion (8-1) to dismiss is denied without prejudice.**

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | NOV 20 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 NOV 20 AM 9:50 | date mailed notice | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JEFFERSON-PILOT LIFE INSURANCE COMPANY,

    Plaintiffs,

v.

LEAFRE REINSURANCE COMPANY,

    Defendants.

No. 00 C 5257
Judge James B. Zagel

DOCKETED
NOV 2 0 2000

## MEMORANDUM OPINION AND ORDER

Nearly seven years ago, Plaintiff Jefferson-Pilot Life Insurance Company ("Jefferson-Pilot") and Defendant LeafRe Reinsurance Company ("LeafRe") agreed to develop and market a line of insurance products collectively called Joint Voluntary Dental Insurance. For that purpose, the parties entered into a re-insurance agreement ("the Agreement"), the terms of which bound them to arbitrate any controversy which might arise under or relate to the Agreement. At some point, the business relationship between the parties turned sour. LeafRe accused Jefferson-Pilot of bad faith repudiation of its obligations under the Agreement and misappropriation of monies, among other misdeeds. There is no disagreement that Jefferson-Pilot and LeafRe must, according to the Agreement, settle their dispute through arbitration. The problem is that the parties have not been able to agree on the selection of arbitrators to hear their case. In particular, the parties' disagreement concerns Article V, 5.4(c) of the Agreement which states that the panel of arbitrators to be selected by the American Arbitration Association (AAA) "shall consist of three neutral arbitrators each of whom must be an active or retired officer of a life or health

1

insurance company familiar with the reinsurance business."

A word about the procedure according to which arbitrators are chosen is in order. Basically, the procedure used by the AAA to appoint an arbitral panel entails the distribution of lists of potential arbitrators, from which the parties then strike names. If three names remain, they become arbitrators. But if the parties fail to agree on any of the persons named, or if for any other reason the appointment cannot be made from the submitted lists, the AAA shall have the power to make the appointment from among other members of the panel without the submission of additional lists. See AAA Commercial Arbitration Rule 13, 1999 1627984 *8.

In the case at hand, the AAA provided the parties with a list of arbitrators whom it considered to be qualified under the Agreement and asked the parties to select potential arbitrators from that list. For reasons not explained by either side, Jefferson-Pilot objected to every arbitrator on the list. As a consequence, the AAA appointed three arbitrators of its own choosing. Although the designated arbitrators all have experience arbitrating disputes between life insurance companies, none of the three are "active or retired officer[s] of a life or health insurance company." On at least three occasions, Jefferson-Pilot advised the AAA and LeafRe that the panel did not have the credentials required by the Agreement and requested alternative arbitrators. Nevertheless, LeafRe requested that the arbitration move forward and the AAA notified the parties that the arbitration would proceed.

Jefferson-Pilot's complaint, filed pursuant to 9 U.S.C. §§ 4 and 5 (the Federal Arbitration Act), asks me to enjoin the pending arbitration before the AAA panel and declare that the

arbitrators to be appointed must meet the qualifications specified in the Agreement.[1] LeafRe now moves to dismiss, arguing that I do not have jurisdiction under § 4 to stay an arbitration to review the composition of an arbitral panel convened by the AAA.

LeafRe's basic argument is that disputes about an arbitrator's qualifications cannot be resolved at the pre-award stage. LeafRe supports this assertion by citing to numerous cases in which a party to an arbitration filed a suit in federal court complaining that the arbitrator assigned to his case was biased or impartial. There is little disagreement among courts that (except in exceptional circumstances) allegations of an arbitrator's bias or impartiality cannot be litigated at the pre-award stage. See *Paul Davis Systems of Northern Illinois v. Paul W. Davis Systems, Inc.*, 1998 WL 749041 (N.D. Ill. 1998) (the Federal Arbitration Act permits courts to consider arbitrator bias only in the context of a post-award challenge); *In the Matter of the Arbitration Between Certain Underwriters at Lloyd's London*, 1997 WL 461035 (N.D. Ill. 1997) (courts do not have authority to hear pre-award challenges to an arbitrator designation on grounds of bias and partiality); *Old Republic Ins. Co., v. Meadows Indem. Co.*, 870 F. Supp. 210, 212 (N.D. Ill. 1994)(same).

The question here is whether a party who challenges an arbitrator's qualifications–just like a party who challenges bias–must wait until the post-award stage to complain. I do not think

---

[1] The Federal Arbitration Act states:

§ 4: "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 . . . for an order that such arbitration proceed in the manner provided for in such agreement."

§ 5: If in the agreement provision be made for a method of naming or appointing arbitrator or arbitrators . . . such method shall be followed."

3

this is necessary. Here, Jefferson-Pilot does not ask this court to undertake the difficult task of determining whether an arbitrator is impermissibly biased. Plaintiff merely asks that he be entitled to a benefit explicitly conferred by a provision of an agreement negotiated in an arm's length transaction between two sophisticated parties. The Federal Arbitration Act clearly states that contractual provisions for the appointment of an arbitrator "shall be followed." See 9 U.S.C. § 5. See also *Universal Reinsurance Corp. v. Allstate Insurance Co.*, 16 F.3d 125, 128 (7th Cir. 1994) (holding the parties to the letter of their arbitrator selection clause because "the parties themselves have dictated the outcome in this situation, and absent compelling circumstances, it is not our province to rewrite their agreement.").

LeafRe claims that Jefferson-Pilot has filed this suit in bad faith for the sole purpose of delaying the arbitration proceeding. LeafRe may be able to demonstrate that Jefferson-Pilot's actions during the arbitrator selection process made it impossible for the AAA to appoint arbitrators who were "active or retired officer[s] of a life or health insurance company." If this were the case, then the AAA would likely be justified in appointing the chosen arbitrators pursuant to its selection powers under Commercial Arbitration Rule 13. At present, however, I have insufficient information about the reason that the AAA appointed (and LeafRe agreed to proceed with) arbitrators who were not qualified under the letter of the Agreement. I also have insufficient information to substantiate LeafRe's allegation that Jefferson-Pilot's actions during the arbitration selection process were unreasonable, or done for the purpose of delay.

I deny LeafRe's motion to dismiss without prejudice to its being brought again at a later stage.

ENTER:

James B. Zagel
United States District Judge

DATE: OCT 26 2000

5