Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5257 | **DATE** | 4/4/2001 |
| **CASE TITLE** | JEFFERSON-PILOT LIFE vs. LEAFRE REINSURANCE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  **Enter memorandum opinion and order continuing motion (17-1) for summary judgment for a period of twenty-eight days or until 5/9/01 at 10:00 a.m.**

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 05 2001 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| DW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEFFERSON-PILOT LIFE INSURANCE COMPANY, a North Carolina corporation,<br><br>Plaintiff,<br><br>v.<br><br>LEAFRE REINSURANCE COMPANY, an Arizona corporation,<br><br>Defendant. | No. 00 C 5257<br>Judge James B. Zagel<br><br>DOCKETED<br>APR 05 2001 |

## MEMORANDUM OPINION AND ORDER

This case arises under the Federal Arbitration Act, 9 U.S.C. §§ 2, 4 and 5. It involves an arbitration proceeding which, sadly, has achieved none of the cost-saving or time-saving benefits which the Federal Arbitration Act sought to promote. Before me are the parties' cross motions for summary judgment.

Two years have passed since defendant, LeafRe Reinsurance Company ("LeafRe"), commenced an arbitration proceeding against plaintiff, Jefferson-Pilot Life Insurance Company ("Jefferson-Pilot") before the American Arbitration Association ("AAA"). The arbitration proceeding ground to a halt before it started due to the parties' inability to pick a mutually agreeable arbitration panel.

At the heart of this lawsuit is a particular provision of the arbitration clause in the parties' Reinsurance Agreement ("the Agreement"). In Section 5.4(c) of the Agreement, the parties stipulated that the three arbitrators appointed by the AAA to hear their dispute must have the following qualifications:

(1) they must be neutral;
(2) they must be active or retired officers of a life or health insurance company;
(3) they must be familiar with the reinsurance business.

Jefferson-Pilot considered that the three arbitrators appointed by the AAA were unqualified under the terms of the Agreement because they were not, in its view, "active or retired officers of a life or health insurance company." It refused to arbitrate in front of the designated panel, and when the AAA announced its intention to proceed over its objection, it brought this lawsuit to stop the arbitration.

Quite understandably, LeafRe was not interested in being waylaid in federal court in a dispute about a preliminary procedural issue. It filed a motion to dismiss, arguing that I did not have jurisdiction under § 4 of the Federal Arbitration Act to stay an arbitration to review the composition of an arbitral panel. Although reluctant to further delay the arbitration, I denied LeafRe's motion to dismiss based on my assessment that Jefferson-Pilot stated a claim under the Federal Arbitration Act.

The Act provides in relevant part:

§ 4: "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 . . . for an order that such arbitration proceed in the manner provided for in such agreement."

§ 5: If in the agreement provision be made for a method of naming or appointing arbitrator or arbitrators . . . such method shall be followed."

For purposes of the motion to dismiss, I assumed that the three AAA arbitrators were, as plaintiff alleged, not qualified under the terms of the Agreement. In my ruling on the motion to dismiss, I stated that if the facts were as Jefferson-Pilot alleged, I would have jurisdiction to order that the arbitration must proceed according to the terms of the written agreement.

*See Mastrobuono v. Shearson Lehman Hutton, Inc.*, 115 S. Ct. 1212, 1214 (1995) (the purpose of the Federal Arbitration Act is to ensure that private agreements to arbitrate are enforced according to their terms).

Now on summary judgment, I find that two of the arbitrators were qualified under the Agreement.[1] Arbitrator Kristie Sayre was the former Head of Actuarial for Liberty Life Insurance Company. Arbitrator Thomas Loftus had thirty years of experience in the general counsel's office of the Unigard Security Insurance Company. Both were "active or retired officers of a life or health insurance company."[2]

LeafRe basically concedes that the third arbitrator, Ellen Yanshom, though an experienced arbitrator licensed in life insurance, was not qualified under section 5.4(c) of the Agreement. She is not and never has been an officer of a life or health insurance company. Her appointment as an arbitrator violated the plain language of the Agreement.

There is no suggestion the AAA appointed the panel in bad faith; on the contrary, the parties to this action – both of them – made it extremely difficult for the AAA to appoint a qualified panel. I need not find bad faith, however, before I intervene to uphold the terms of an arbitration agreement.

The question before me is what to do next.

---

[1] Jefferson-Pilot asks that I stay the arbitration because I have already deemed the three AAA-appointed arbitrators unqualified. In fact, I made no such finding. In my previous ruling, I accepted the facts of plaintiff's complaint as true, as I must on a motion to dismiss.

[2] Jefferson-Pilot argues that arbitrators who served as general counsel of an insurance company are not qualified officers under the Agreement, but this argument has no merit. The Agreement does not impose any special requirement as to what "office" the arbitrators must hold, and I see no reason to import such a limitation into the Agreement.

3

The Federal Arbitration Act offers a solution which, I suspect, will be agreeable to both sides. I refer to § 5 of the Federal Arbitration Act which empowers me to designate and appoint arbitrators in the event of a delay. 9 U.S.C. § 5 states:

> "[i]f in the agreement provision be made for a method of naming or appointing an arbitrator . . . such method shall be followed; but if . . . a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator . . . then upon application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire as the case may require."

This section does not require me to make a finding that one party or the other breached the Agreement or acted for the purposes of delay. I need only find that there was a lapse in the naming of an arbitrator. Such a lapse has certainly occurred in this case.

The parties have two options. They can, if they like, attempt to settle this matter by agreeing on a panel of three arbitrators. I invite the parties to schedule a settlement conference with me if they think that such a conference would assist in resolving the dispute. If the parties cannot settle on three arbitrators within twenty-eight days of this order, I will appoint arbitrators from the original list of eleven arbitrators pursuant to my authority under 9 U.S.C. § 5 of the Federal Arbitration Act.

The parties' motions for summary judgment are entered and continued for twenty-eight days.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: APR - 4 2001